## SOUTHERN SURETY CO v. LEPHEW.

No. 9053—Opinion Filed May 28, 1918.

Rehearing Denied June 25, 1918.

(173 Pac. 438.)

**1. Indians—Minor Allottee—Contract.**

A minor allottee of the Five Civilized Tribes is not bound by a contract entered into by her during her minority affecting her allotted lands or the proceeds derived therefrom.

**2. Guardian and Ward — Guardian's Bond —Action—Sufficiency of Evidence.**

The evidence examined, and held sufficient to sustain the judgment of the trial court.

(Syllabus by Pryor, C.)

Error from District Court, Muskogee County; R. P. DeGraffenried, Judge.

Action by Jennie Lephew, nee Maher, against the Southern Surety Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Stanard, Wahl & Ennis, for plaintiff in error.

W. W. Noffsinger and Y. P. Broome, for defendant in error.

Opinion by PRYOR, C. The action was commenced by Jennie Lephew, nee Maher, as plaintiff, against the Southern Surety Company, as surety, on guardian bond, to recover the sum of $732.97. The parties will be referred to as they appeared in the trial court. On the 18th day of September, 1914, James Maher was the guardian of plaintiff, then a minor, and on that date, at a hearing on his final report before the county court of Muskogee county, was adjudged by said court to be indebted to plaintiff in the sum of $732.96. From this judgment there was an appeal taken by the guardian to the district court, where the appeal was dismissed for want of prosecution, and the judgment of the probate court became final. For the amount of this judgment plaintiff brings suit against

defendant on her guardian's bond. The defense of the surety company is that the judgment of the county court had been compromised, and the company had agreed to pay plaintiff the sum of $500. This sum was deposited with the county judge to be paid to plaintiff when she reached her majority. There was trial to the judge without jury, and judgment rendered for the plaintiff in the sum of $500. From this judgment defendant appealed.

The plaintiff is a citizen of the Cherokee Nation, and the funds received by her guardian, which are the basis of this action, were from the rental of her allotment and from the sale of a portion thereof. The alleged compromise agreement was entered into about the 9th day of September, 1915. Plaintiff became of age on the 19th day of May, 1916. The attempted compromise with the minor was ineffectual and not binding upon her.

A minor allottee cannot make a valid contract concerning his or her allotted lands or proceeds therefrom except by guardian acting within the scope of his authority as such and in conformity to the law governing his acts as guardian. Cochran v. Teehee, 40 Okla. 388, 138 Pac. 563; Brewer v. Dodson, 60 Okla. 81, 159 Pac. 329.

Defendant contends that after she reached her majority she ratified the compromise. The evidence by which defendant seeks to establish a ratification of the compromise establishes the following facts: On the 19th day of May, 1916, plaintiff became of age. She, accompanied by her husband, went to the office of the county judge. That the county judge took up with them the matter of turning the funds in his hands over to them. He informed them that he had some claims for grocery bills, one bill being in favor of A. W. Jones for $25, and another claim in favor of Dodson-Hine Grocery Company for $50 or $60. That he would have to withhold these amounts and deduct the court costs from the funds in his hands. The plaintiff agreed to pay the Jones account of $25. The county judge drew a check in favor of Jones, which plaintiff indorsed and returned to the judge; but when he insisted he would have to withhold the amount of the Dodson-Hine account and court costs, plaintiff refused to allow this claim to be deducted and informed the judge that the surety company was to pay the court costs and back taxes, according to their agreement, and she then refused to have anything more to do with the settlement and repudiated the whole compromise and left the county judge's office leaving the indorsed check

in favor of herself and Jones lying on the judge's desk.

Taking the evidence of the plaintiff alone, it clearly shows that she disaffirmed the compromise rather than ratified it. The only circumstance in the evidence which has a tendency to show that sh'e ratified the compromise is the fact that she indorsed the check to Jones, which the evidence shows the county judge subsequently mailed Jones. However, after plaintiff had refused to accept the compromise and settlement that she had agreed to while a minor, the county judge was not justified in delivering the check to Jones. It certainly could not under the circumstances bind her.

The judgment of the trial court is not only supported by the weight of all of the evidence but is supported by all of the evidence introduced by both the plaintiff and defendant, and the only criticism that can be made of the judgment is that it should have been for the full amount of $732.96 and interest.

The judgment of the trial court therefore should be affirmed.

By the Court: It is so ordered.